**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN GILLESPIE, | ) | CASE NO. 5:21 CV 1396 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DOCTOR (FIRST AND LAST NAME UNKNOWN), et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Alan Gillespie filed this action in the Portage County Court of Common Pleas under 42 U.S.C. § 1983 against "Doctor (First and Last Name Unknown at this Time) of the Portage County Jail's Medical Department" and "Portage County Nurses (First and Last Names Unknown at this Time)." He claims jail medical personnel were negligent in treating his dog bite wound during his detention in the Portage County Jail in 2019. He asserts that the Defendants violated his Eighth Amendment rights and seeks monetary damages in the amount of ten million dollars.

**I.      Background**

Plaintiff was arrested on July 27, 2019 and taken to the Cleveland Clinic Emergency Room in Twinsburg for treatment of a dog bite. His wound was cleaned and stitched. He was provided with wound care instructions. He was also told to report to a medical provider for

removal of the stitches. He was then admitted to the Portage County Jail and charged with various felonies.

Plaintiff alleges that the nurses in the jail administered the antibiotics that he was prescribed and regularly changed the dressing on his wound. He states that jail medical personnel removed the stitches but left some of them in his leg. He indicates that treatment of his wound was provided in the hallway in the cell block rather than in the infirmary. He contends that the cell block was undergoing construction at the time resulting in dust particles contaminating surfaces. He asked to be treated in the infirmary but was told that would not be possible as he would need an escort by corrections officers. He claims that despite the treatment, his wound became infected. He asked to go to the hospital but his request was denied. Eventually, he was transported to the hospital for an unrelated heart condition. He indicates while he was there, doctors also treated his leg. Plaintiff claims that the Jail doctor and nurses were negligent in their care, in violation of the Eighth Amendment. He seeks ten million dollars in damages.

**II.      Standard of Review**

A Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at \*2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*,

857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

This is the second case Plaintiff filed against the medical personnel of the Portage County Jail for negligent treatment of his dog bite in 2019. He filed *Gillespie v. Doak*, No. 5:20 CV 1995 (N.D. Ohio)(Adams, J.) on September 4, 2020. This Court informed Plaintiff that his claims as written failed to state a claim upon which relief could be granted and permitted him to amend his pleading to try to state a claim. Plaintiff filed an Amended Complaint in that action claiming that the Portage County Jail nurses and doctor provided him with negligent treatment of his wound and changed his dressing in the hallway amidst the construction dust and debris. This

Court issued its Memorandum of Opinion and Order on March 15, 2021, finding that Plaintiff's allegations of negligent treatment did not state a claim under the Eighth Amendment. Undeterred, Plaintiff filed this case in state court four months later asserting the same claim against the Portage County Jail doctor and nurses based on the same incident and seeking the same relief.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

Furthermore, Plaintiff's Eighth Amendment claims are subject to dismissal for exactly the same reasons they were dismissed in his first action. Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that his medical condition posed a "substantial risk of serious harm" to him, and, that the

Defendant in question acted with "deliberate indifference" to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

It is well established that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. "Deliberate indifference requires more than mere negligence, more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014). "The defendant must know[] that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." *Id*., citing *Farmer*, 511 U.S. at 847.

In evaluating an Eighth Amendment deliberate indifference claim, courts distinguish between cases where the Complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Unless the medical treatment a prisoner has received was "so woefully inadequate as to amount to no treatment at all," *Mitchell*, 553 F. App'x at 604, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, the Plaintiff admits in his Complaint that he received treatment for his wound by medical staff at the Portage County Jail. He alleges he received antibiotics, received regular bandage changes, and received removal of his stitches. Even accepting as true his contention that the care he received was improper and worsened his condition, his allegations at the most

suggest claims for negligence and medical malpractice. *See Estelle*, 429 U.S. at 107. His allegations are insufficient to support a plausible federal constitutional claim that the defendants acted with "deliberate indifference." He fails to state a claim under the Eighth Amendment.

Defendants filed a Motion to Dismiss (Doc. No. 3) asserting that Plaintiff's allegations of negligence fail to support a constitutional claim under th Eighth Amendment. That Motion is granted.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. Defendant's Motion to Dismiss (Doc. No. 3) is granted. All other pending Motions (Doc. Nos. 5, 6, 7, 10, 13, 14, 15, 16) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE
11/22/2021

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.